UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

PAUL DEAN NEWCOMB, JR.,

    Plaintiff,

    v.                                  CAUSE NO. 3:19-CV-1205-JD-MGG

C. BAILEY,

    Defendant.

## OPINION AND ORDER

Paul Dean Newcomb, Jr., a prisoner without a lawyer, filed a complaint alleging Officer C. Bailey incited gang members at the Miami Correctional Facility to attack him. A filing by an unrepresented party "is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Newcomb alleges that beginning on March 30, 2019, Officer C. Bailey encouraged gang members to steal from, attack, and kill him. She did this by threatening him and insulting his sex organs in front of other inmates. He also alleges she encouraged the gang members by trafficking drugs and having sex with them. On June 8, 2019, she left her assigned work area to follow Newcomb and sent an inmate to threaten him. On

August 5, 2019, Officer C. Bailey moved him from a safe living area into an area with gang members controlled by her so they could attack him. Newcomb alleges gang members threatened him with physical violence and stole his property, but never attacked him.

Standing alone, "[t]he use of derogatory language, while unprofessional and deplorable," is not serious enough to violate the Constitution. *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000). However, the allegations here go far beyond derogatory language. These allegations against Officer C. Bailey state a claim because they are similar to

> *Burton v. Livingston*, 791 F.2d 97, 100-01 (8th Cir. 1986), where a prisoner alleged that a guard pointed a gun at him, cocked it, called him "nigger," and repeatedly threatened to shoot him, or *Irving v. Dormire*, *supra*, 519 F.3d at 449-50, where a prisoner alleged that a guard had threatened to kill him, repeatedly offered a bounty to any prisoner who would assault him, and gave a prisoner a razor blade with which to assault him. *See also Northington v. Jackson*, *supra*, 973 F.2d at 1524.

*Dobbey v. Illinois Department of Corrections*, 574 F.3d 443, 446 (7th Cir. 2009).

Newcomb also makes other allegations and names eleven other defendants. He alleges Officer C. Bailey, Sgt. D. Rish, Lt. S. Bales, and Sgt. A. Worely were involved with writing false conduct reports about him on March 30, 2019, July 7, 2019, and/or August 16, 2019. These allegations do not state an independent cause of action. "[P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Newcomb alleges some of these false conduct

reports were written in retaliation for his having exercised his First Amendment right to file complaints about guards. However, because he lost earned credit time as a result, he cannot proceed with those claims until after the prison disciplinary proceeding is otherwise overturned or set aside because finding that the conduct report was fraudulent in this case would undermine the prison disciplinary finding that he was guilty. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997).

Newcomb alleges after he was threatened by another inmate on May 21, 2019, he requested and was placed in protective custody. He alleges three days later, Capt. Tucker released him from protective custody and forced him to return to a dangerous housing unit. However, he promptly requested and was granted protective custody. He stayed there until June 6, 2019, when he was moved to a different housing unit. He later sought protective custody again but was denied. He alleges N. Johnson, Ofc. C. Ertel, and Lt. K. Johnson were members of the Protective Custody Board which denied him protective custody on August 15, 2019. However, he does not allege he was ever attacked or injured, therefore these allegations do not state a claim. *See Doe v. Welborn*, 110 F.3d 520, 523–24 (7th Cir. 1997) (claims for monetary damages cannot generally be predicated on fear of an attack that never materializes).

Newcomb alleges he told Sgt. A. Worely, Lt. S. Bales, Sgt. B. Johnson, Warden William Hyatte, Capt. D. Tucker, Sgt. D. Rish, and Lt. Snow about what Officer C. Bailey had done. However, "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). These allegations do not state a claim because "everyone who knows about a prisoner's

problem [does not] pay damages [if they did not] drop everything he or she [wa]s doing in order to investigate a single prisoner's claims . . ..." *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Finally, Newcomb asks to be transferred out of the Miami Correctional Facility even though Officer C. Bailey was fired sometime around August 28, 2019, and he is currently separated from other inmates because he is confined in the restrictive housing unit. He says he is concerned for his safety because he saw a non-defendant guard use excessive force on another inmate in the unit after that inmate threw fecal matter on a guard. Under the Eighth Amendment, prison officials have a constitutional duty to protect inmates from violence. *Grieveson v. Anderson*, 538 F.3d 763, 777 (7th Cir. 2008). The use of excessive force is not justifiable, but a single incident directed at another inmate by a non-defendant guard for reasons wholly unrelated to this case is not a basis for relocating Newcomb. Moreover, this issue is unrelated to the other claims raised in this case and "unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). *See also Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017).

For these reasons, the court:

(1) GRANTS Paul Dean Newcomb, Jr., leave to proceed against Officer C. Bailey in an individual capacity for compensatory and punitive damages for encouraging gang members to steal from, attack, and kill him by threatening him, insulting his sex organs, trafficking drugs, and having sex with other inmates from March 30, 2019, to August 28, 2019, in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES William Hyatte, D. Rish, A. Worely, K. Johnson, N. Johnson, C. Ertel, B. Johnson, S. Bales, D. Tucker, J. Kieniger, and Snow;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Officer C. Bailey at the Indiana Department of Correction with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer C. Bailey respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 2, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT