UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| PAUL DEAN NEWCOMB, JR., <br><br> Plaintiff, <br><br> v. <br><br> C. BAILEY, <br><br> Defendant. | CAUSE NO. 3:19-CV-1205-JD-MGG |

OPINION AND ORDER

Paul Dean Newcomb, Jr., a prisoner without a lawyer, filed a motion asking for a preliminary injunction preventing the defendants "from harassing, threatening, contacting, using any form of retaliation, mental abuse, or mental anguish against towards plaintiff or property legal material." ECF 7 at 1. When he filed this lawsuit, he named twelve defendants. *See* ECF 1. However, when it was screened, eleven defendants were dismissed. ECF 5. Newcomb is only proceeding "against Officer C. Bailey in an individual capacity for compensatory and punitive damages for encouraging gang members to steal from, attack, and kill him by threatening him, insulting his sex organs, trafficking drugs, and having sex with other inmates from March 30, 2019, to August 28, 2019 . . .." *Id.* at 4.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the

final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015).

Here, Newcomb has no chance of success on the merits in this lawsuit because the relief he is seeking is outside the scope of this case which is limited to a claim against a single person for monetary damages based on past events which ended over six months ago. Moreover, Newcomb makes no specific allegation about anything that Officer C. Bailey is currently doing which places him in immediate danger.

To the extent he fears for his safety today and is seeking protective custody, such a claim must be brought in a separate lawsuit against the Warden in his official capacity because "the warden . . . is a proper defendant [for] injunctive relief [and is] responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). The court could construe this motion as a new lawsuit for such relief, but as presented, Newcomb has not provided sufficient facts to warrant injunctive relief. He alleges he may be charged with false conduct reports and placed in segregation, but that would remove him from contact with other inmates whom he alleges are extorting him for money and commissary. He speculates he may be stabbed, but he has not provided the details necessary to state a claim. *See Klebanowski v. Sheahan*, 540 F.3d 633, 639-40 (7th Cir. 2008) (speculation about the possibility of an attack is insufficient to state a claim for failure to protect). Nevertheless, because these allegations are concerning, a copy of the motion and this order will be sent to the Warden.

For these reasons, the court:

(1) DENIES the motion (ECF 7);

(2) DIRECTS the clerk to email a copy of the motion (ECF 7) and this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction; and

(3) DIRECTS the clerk to fax or email a copy of the motion (ECF 7) and this order to the Warden of the Miami Correctional Facility at the Miami Correctional Facility.

SO ORDERED on March 6, 2020.

                                              s/JON E. DEGUILIO
                                              JUDGE
                                              UNITED STATES DISTRICT COURT